NATHAN GRAMA AND FRANCIS GRAMA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; THEODORE ROTHSTEIN AND GLADYS ROTHSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT DiBERNARDO AND LINDA DiBERNARDO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grama v. Commissioner
Docket Nos. 1319-85, 1320-85, 1325-85.
United States Tax Court
T.C. Memo 1985-608; 1985 Tax Ct. Memo LEXIS 22; 51 T.C.M. (CCH) 103; T.C.M. (RIA) 85608; December 16, 1985. Ralph J. Schwartz, Jr., for petitioners. Marwin Batt, for respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: These cases are before us on respondent's Motions to Dismiss for Lack of Jurisdiction. All of petitioners resided in the State of New York when they filed their petitions in this proceeding. Notices of deficiency were mailed by respondent with respect to the taxable year 1977 on the dates and determining income tax deficiencies as follows: Petitioner
Date
Deficiency
Grama
September 14, 1984
$52,401.00
Rothstein
September 11, 1984
56,913.70
DiBernardo
September 26, 1984
75,814.00
*23 Petitioners, through their attorney, all mailed their petitions to the Tax Court on January 14, 1985. It is agreed that all of the petitions were mailed more than 90 days after the respective dates of the notices of deficiency. On March 25, 1985, respondent filed Motions to Dismiss for Lack of Jurisdiction on the ground that the petitions were not filed within the time prescribed by section 6213(a) and section 7502. [1] On June 10, 1985, petitioners' Objections to Respondent's Motion to Dismiss and a Memorandum of Law in Support Thereof were filed. A hearing on the motions was held in New York, New York on October 9, 1985. Petitioners initially argue that respondent's motions to dismiss are untimely because they were not filed within 45 days from the date of service of the petitions as required by Rule 36(a). It is well settled that questions as to whether the Court has jurisdiction over a matter may be considered at any time. . *24 Section 6213(a) provides that within 90 days after a notice of deficiency is mailed to the taxpayer, a petition may be filed with the Tax Court seeking a redetermination of the deficiency. Only a timely filed petition can give this Court jurisdiction. ; . The 90 days provided in section 6213(a) means 90 days. This Court has no authority to extend the 90-day period for filing a petition, "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period." . Petitioners strenuously argue that the late filing of a petition does not involve "subject-matter jurisdiction" and may be excused where errors of the Commissioner mislead the taxpayer. To support this proposition, petitioners cite a series of cases, namely, ; ; ; *25 ; ; and . All of these cases, however, are concerned with possible defects in the notice of deficiency. As the court stated in : It cannot now be seriously questioned that the timely filing of the petition for redetermination is jurisdictional. * * * However, before the statutory ninety-day period can begin to run in favor of the Commissioner, the notice of deficiency must be properly mailed to the taxpayer at his last known address * * *. None of the cases cited by petitioners allow an extension of the 90-day filing period once it is established that the appropriate notice of deficiency has been correctly mailed. Petitioners' primary argument is that respondent is now estopped from denying that, by reason of the actions of his agents, an extension of time for filing these petitions was granted. In support of this position, petitioners have offered to prove that the IRS appellant agents (1) knew that the 90 day *26 1977 deficiency notices had been mailed September, 1984; (2) that the petitioners' accountant requested of these agents an extension of time to file a petition, past the 90 day period; (3) that the IRS appellant agents granted that extension; (4) that the petitioners' accountant by letter of December 10, 1984 confirmed in writing with the IRS appellant agents the grant of an extension until January 15, 1985 to file the petitions; (5) that no oral or written disavowal or exception to this time extension was ever made by the IRS or any agent thereof; (6) that the agents at no time stated that they lacked authority to grant the extension; (7) that the accountant and therewith the petitioners relied on the grant of the extension of time to file the petitions until January 15, 1985; (8) that the petitions were filed on January 14, 1985; (9) that if it were not for the fact of reliance on the IRS agents' grant of an extension of time, petitioners would have filed timely, albeit pro forma, petitions. No evidence was received regarding these facts. We will assume for purposes of this opinion that they are true in their entirety, although respondent vehemently denies the truth of most, if *27 not all, of the facts offered by petitioners. Even assuming all of the facts as proffered by petitioners, we must reject their arguments. We disagree with petitioners that respondent may be bound by the unauthorized actions of his agents. See . Furthermore, even if the Commissioner himself had given petitioners a written agreement purporting to extend the time within which to file a petition, he has no authority to do so. The jurisdiction of this Court is determined by the statute, section 6213. Such a mistake of law by the Commissioner would not be a proper circumstance for the application of the doctrine of equitable estoppel. See . The 90-day requirement for filing a petition to the Tax Court is clearly and absolutely set forth in section 6213(a). [2] We accordingly hold that the timely filing of a petition does involve "subject-matter jurisdiction" and that neither respondent nor this Court has any authority to extend the time provided by Congress in section 6213(a). *28 We hold that the petitions in these cases were not timely filed and consequently respondent's Motions to Dismiss for Lack of Jurisdiction will be granted. Appropriate orders will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners are not arguing, nor can they, that the mitigating effects of section 7502 and the cases decided thereunder are applicable.↩